# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| NICOLE KOLB, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONIFER VALUE-BASED CARE, LLC, CONIFER HEALTH SOLUTIONS, LLC, CONIFER REVENUE CYCLE SOLUTIONS, LLC, and TENET HEALTHCARE CORPORATION,<br><br>    Defendants. | Case No.: 3:23-cv-00744-E-BN |
| WILLIAM TANG, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONIFER VALUE-BASED CARE, LLC, CONIFER HEALTH SOLUTIONS, LLC, CONIFER REVENUE CYCLE SOLUTIONS, LLC, and TENET HEALTHCARE CORPORATION,<br><br>    Defendants. | Case No.: 3:23-cv-00870-S |

1

**UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Fed. R. Civ. P. 42(a) and LR 42.1, Plaintiff Nicole Kolb ("Plaintiff Kolb") in the matter of *Nicole Kolb v. Conifer Value-Based Care, LLC, Conifer Health Solutions, LLC, Conifer Revenue Cycle Solutions, LLC, and Tenet Healthcare Corporation*, Case No. 3:23-cv-00744-E-BN and Plaintiff William Tang ("Plaintiff Tang") in the matter of *William Tang v. Conifer Value-Based Care, LLC, Conifer Health Solutions, LLC, Conifer Revenue Cycle Solutions, LLC, and Tenet Healthcare Corporation*, Case No. 3:23-cv-00870-S (together, "Plaintiffs"), move for an order consolidating their cases.

## I. INTRODUCTION

On April 7, 2023, Plaintiff Kolb filed her action in this District and on April 25, 2023, Plaintiff William Tang filed his action in this district (collectively, the "Actions").

Each of the Actions allege that Defendants Conifer Value-Based Care, LLC, Conifer Health Solutions, LLC, Conifer Revenue Cycle Solutions, LLC, and Tenet Healthcare Corporation ("Defendants" or "Conifer") failed to protect Plaintiffs' and putative class members' personal identifiable information ("PII") and protected health information ("PHI") when an unauthorized third party gained access to a Microsoft Office 365-hosted business email account on January 20, 2022 (the "Data Breach") that was maintained by Conifer. Proceeding with multiple substantially related cases in this District filed on behalf of overlapping classes would result in a waste of judicial resources and compromise the interests of the proposed classes. For these reasons, and as detailed more fully below, these cases are ripe for consolidation. Therefore, Plaintiffs

2

respectfully request that the Court grant their Unopposed Motion to Consolidate the Actions.

## II. ARGUMENT

Federal Rule of Civil Procedure 42(a) ("Rule 42(a)") provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "A court has discretion to consolidate, and this decision is premised on a balancing test that weighs the saving of time and effort versus inconvenience, delay or expense." *Studio 6 v. Dingler,* 2021 WL 764030, at *1 (N. D. Tex. February 25, 2021); *see also Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 761-62 (5th Cir. 1989); *Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999).

The Actions have been properly filed in the United States District Court Northern District of Texas against the same Defendants, involve nearly identical facts and circumstances, share many of the same causes of action, and the issues present in each of the Actions would require the same legal analysis. More specifically, each of the Actions arise from the data breach that was announced by Conifer Health Solutions, LLC and Conifer Revenue Cycle Solutions, LLC involving an unauthorized third party gained access to a Microsoft Office 365-hosted business email account on January 20, 2022 and involve common questions of fact; such as, whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach. Additionally, the Actions involve common questions of law; such as, whether Defendants violated the common law of

negligence, negligence *per se*, invasion of privacy, California statutes and whether Defendants have been unjustly enriched. Finally, each of the Actions are brought on behalf of persons in the United States whose PII and PHI was comprised in the Data Breach in January 2022. As such, the Actions satisfy the requirements of consolidation under Rule 42(a).

Consolidation of the Actions will likewise serve the convenience of the parties and witnesses and promote the just and efficient course of this litigation. Among other things, consolidation of the Actions will eliminate duplicative discovery and prevent inconsistent rulings on important issues; such as, whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach, failed to design, maintain and test Defendants' security systems to ensure the PII and PHI of Plaintiffs and the Class was adequately secured and protected, and whether Defendants failed to implement processes that would detect a breach of its security system in a timely manner.

Consolidation of the Actions will also conserve the resources of the parties, their counsel, and the judiciary because, subject to the Court's approval, Plaintiffs intend to file a consolidated complaint which means that Defendants must only respond to one complaint and defend one unified action. For example, this means that if Defendants wish to file a motion to dismiss, the Court will have to address only one motion.

Finally, consolidation of the Actions will not result in any delay or prejudice.

### III. CONCLUSION

Accordingly, Plaintiffs respectfully request that this Court consolidate the Actions, that all pleadings, motions, and other documents served or filed in the

consolidated action bear the legend "(Consolidated with [giving the docket numbers of all the other cases])", and direct that all future filings shall bear the following caption:

| | |
|---|---|
| *In re: Conifer Data Security Breach Litigation* | Case No.: 3:23-cv-00744-E-BN <br><br> Consolidated with: 3:23-cv-00870-S |

Moreover, Plaintiffs request that the Court enter the following schedule:

(1) Deadline to file application(s) for appointment of Interim Counsel within 21 days of the entry of an order granting consolidation of the Actions; and

(2) Deadline for the filing of a Consolidated Complaint: 60 days after the appointment of Interim Counsel.

(3) Deadline for Defendants to respond to any Consolidated Amended Complaint will be 45 days after the Consolidated Amended Complaint is filed.

As such, Plaintiffs respectfully request that the Court enter the accompanying Proposed Order to Consolidate.

Dated: May 12, 2023                                           Respectfully submitted,

/s/ *Joe Kendall*
JOE KENDALL
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
jkendall@kendalllawgroup.com

5

**TURKE & STRAUSS LLP**
Samuel J. Strauss*
Raina Borrelli*
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiff Nicole Kolb*
*Pro Hac Vice Forthcoming*

**CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORP.**
M. Anderson Berry*
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
aberry@justice4you.com

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
Melissa R. Emert*
Gary S. Graifman*
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Telephone: (845) 356-2570
Facsimile: (845) 356-4335
memert@kgglaw.com
ggraifman@kgglaw.com

*Attorneys for Plaintiff William Tang*
*Admitted Pro Hac Vice*

**CERTIFICATE OF CONFERENCE**

All parties in the Actions have met and conferred and all Plaintiffs have agreed to this Unopposed Motion to Consolidate. Defendants do not intend to oppose the relief sought, though they disagree with certain arguments in the Motion. Defendants have indicated that they are reserving the right to move to dismiss any consolidated action on all potential grounds, including in light of a previously filed matter relating to the same alleged data incident.

/s/ *Joe Kendall*
Joe Kendall

**CERTFICIATE OF SERVICE**

I hereby certify that on May 12, 2023, a copy of the foregoing **UNOPPOSED MOTION TO CONSOLIDATE** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*/s/ Joe Kendall*
Joe Kendall