IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NICOLE KOLB, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>V.<br><br>CONIFER VALUE-BASED CARE, LLC, CONIFER HEALTH SOLUTIONS, LLC, CONIFER REVENUE CYCLE SOLUTIONS, LLC, and TENET HEALTHCARE CORPORATION,<br><br>    Defendants. | No. 3:23-cv-744-E-BN<br><br>**Lead Case** |
| WILLIAM TANG, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>V.<br><br>CONIFER VALUE-BASED CARE, LLC, CONIFER HEALTH SOLUTIONS, LLC, CONIFER REVENUE CYCLE SOLUTIONS, LLC, and TENET HEALTHCARE CORPORATION,<br><br>    Defendants. | No. 3:23-cv-870-E-BN<br><br>**Consolidated Case** |

## MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned United States magistrate

judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of

reference from United States District Ada Brown. *See* Dkt. No. 12.

Defendants Conifer Health Solutions LLC, Conifer Revenue Cycle Solutions LLC, Conifer Value-Based Care LLC, and Tenet Healthcare Corporation filed a motion to transfer this case to the United States District Court for the Central District of California pursuant to the first-to-file doctrine and a motion to dismiss. *See* Dkt. No. 30; Dkt. No. 31. Plaintiffs Nicole Kolb and William Tang filed responses to both motions. *See* Dkt. No. 38; Dkt. No 39. And Defendants filed replies to both responses. *See* Dkt. No. 44; Dkt. No. 45.

A magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Accord Franco v. Mabe Trucking Co., Inc.*, No. 19-30316, 2021 WL 2849971, at *2-*6 (5th Cir. July 8, 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631, but labeled by judge as 28 U.S.C. § 1406(a), to another district for want of personal jurisdiction).

For the reasons explained below, the Court grants Tenet Health's motion to transfer [Dkt. No. 30] under the first-to-file doctrine and transfers this case to the United States District Court for the Central District of California. The motion to dismiss will remain pending for consideration in the Central District of California.

## Background

This case concerns Defendants' alleged data breach.

Defendant Tenet Healthcare ("Tenet") is the "parent company" of Defendants Conifer Revenue Cycle Solutions LLC ("Conifer Revenue"), Conifer Health Solutions

LLC ("Conifer Health"), and Conifer Value-Based Care LLC ("Conifer Value"), together ("Tenet Health"). Dkt. No. 1 at 2. Defendants provide revenue support and care solutions to hospitals and healthcare systems. *See id.* Because of their work, defendants store sensitive information about their clients' patients. *See id.*

Plaintiffs Nicole Kolb and William Tang allege that a data breach occurred on January 20, 2022, exposing their sensitive information. *See id.* at 6. Defendants did not discover the breach until April 14, 2022 and notified their client healthcare providers on August 12, 2022. *Id.* Plaintiffs received notice on or about September 30, 2023. *See* Dkt. No. 29 at 8, 10.

In addition to this case, Tenet Health's motion concerns another class action lawsuit filed against Conifer Revenue Cycle LLC in California Superior Court and removed to Central District of California. *See* Dkt. No. 30 at 2. That case, *Morales v. Conifer Revenue Cycle Sols.*, LLC, No. 2:23-cv-1987 (C.D. Cal.), is ongoing. *See* Dkt. No. 30 at 3.

The *Morales* case, filed October 6, 2022, also concerns the January 2022 data breach. *See id.* at 2. The *Morales* case alleges negligence, negligence per se, breach of implied contract, breach of confidence, violation of the California Confidentiality of Medical Information Act, violation of California security notification laws ("CRA"), violation of the California Consumer Privacy Act of 2018, and violation of the California Unfair Competition Law. *Id. Morales* defines the putative class as: "All person to whom Conifer sent a letter, dated September 30, 2022, entitled **'Notice of Data Breach,'** signed "Dustin Kellner[,] Conifer Privacy Officer[.]" *Id.*

Plaintiff Nicole Kolb filed the present case against Defendants on April 7, 2023. *See* Dkt. No. 1. William Tang (in Case No. 3:23-cv-870-E-BN) and Nicole Kolb consolidated their cases through Kolb's unopposed motion on May 12, 2023. *See* Dkt. No. 14. They allege negligence, negligence per se, invasion of privacy, unjust enrichment, violation of California's Confidentiality of Medical Information Act, violation of California's Consumer Records Act, and violation of California's Unfair Competition Law. *See* Dkt. No. 29. The *Kolb* class is defined as: "All individuals residing in the United States whose Personally Identifiable Information/Personal Health Information (PII/PHI) was compromised in the Data Breach discovered by Defendants in January 2022." *Id.* at 18.

On October 12, 2023, Tenet Health filed this Motion to Transfer the *Kolb* case to the Central District of California. *See* Dkt. No. 30. Defendants also filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 31.

Defendants also filed a motion to stay pending resolution of the above-mentioned motions, *see* Dkt. No. 32, which the Court granted, *see* Dkt. No. 37.

## Legal Standard

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The first-to-file rule is a discretionary doctrine" that "rests on principles of comity and sound judicial administration," animated by

the concern "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (internal quotation marks omitted).

According to this well-settled rule, typically, if the case pending before the Court and an earlier-filed case pending in another federal court "overlap on the substantive issues, the cases [should] be ... consolidated in ... the jurisdiction first seized of the issues." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (cleaned up). That is because "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed," and, "[t]herefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* at 920 (cleaned up). "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Cadle*, 174 F.3d at 605 (cleaned up).

"The rule does not, however, require that cases be identical"; rather, regardless of whether the issues or parties in the cases are identical, "[t]he crucial inquiry is one of 'substantial overlap,'" and, if the cases "overlap on the substantive issues, the cases [are] required to be consolidated in ... the jurisdiction first seized of the issues." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (cleaned up); *see*

*also id.* at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

If this Court finds that the issues in the two cases might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606.

### Analysis

After reviewing the *Kolb* and *Morales* complaints, the parties' arguments, and the law, the Court finds that there is substantive overlap between the two suits. Because *Morales* was filed first, the Court will transfer the action to the Central District of California.

There is substantial overlap in the parties and substantive issues in *Kolb* and *Morales*. In considering whether cases overlap, the Court looks to whether the "core issues" are the same and if "much of the proof adduced … would likely be identical." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (citing *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).

When cases are not identical, courts will consider "the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.* (citing *Save Power*, 121 F.3d at 951).

Tenet Health asserts that there is substantial overlap because the plaintiffs are putative members of the *Morales* class, the defendants in both suits are related, and the critical issues are "virtually identical" between the cases. Dkt. No. 29 at 6-8.

-6-

Plaintiffs contend that the suits do not substantially overlap because the first-to-file rule is inappropriate for certain class actions, the class sizes are different, the defendants are different, and the causes of action are different. *See* Dkt. No. 39.

But Plaintiffs' arguments fail to persuade the Court that the motion to transfer should be denied.

Plaintiffs contend that the first-to-file rule is inappropriate for class actions because it causes the Court to speculate on the extent that the parties will overlap, as individual plaintiffs could opt-out of even identical classes. *See* Dkt. No. 39 at 7. But this Court has granted motions to transfer in class actions when there is still substantial overlap between the cases. *See Mulvey v. Vertafore, Inc.*, No. 3:21-cv-213-E-BN, 2022 WL 18635213 (N.D. Tex. Aug. 23, 2022) (granting defendant's motion to transfer where plaintiff was a class). Whether in a class action or not, differences in parties do not defeat substantial overlap. *See Save Power,* 121 F.3d at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

Plaintiffs contend that the *Kolb* class is more expansive because it includes multiple patient populations, while *Morales* only contemplates one. *See* Dkt. No. 39 at 9. The *Morales* complaint is limited to those whom Conifer sent a letter on September 30, 2022, and the *Kolb* class is not limited to only those who received a letter on September 30, 2022. *See* Dkt. No. 30 at 2, Dkt. No. 29 at 18.

But the Court agrees with Tenet Health that this distinction is legally irrelevant.

-7-

Plaintiffs cite only one case from the Eastern District of New York – *Rothschild v. Gen. Motors LLC* – to support their argument that differences in class size indicate a lack of substantial overlap. *See* Dkt. No. 39 at 10; No. 19-CV-05240DLIRLM, 2020 WL 13581659 (E.D.N.Y. Sept. 30, 2020). In *Rothschild*, the Court did not find substantial overlap between the cases when the classes incorporated different states, the court would have to make factual findings regarding plaintiff's individual claims, and one class concerned damages from only one type of vehicle, whereas the other class concerned three. *See id.* at *8. Unlike in this case, where the plaintiffs in both classes were harmed by the same data breach, plaintiffs in *Rothschild* were harmed by different types of defective vehicles. *See id.* And nowhere in the first-to-file analysis is class size mentioned as a factor, making *Rothschild* poor support for the argument that differences in class size should defeat substantial overlap. *See id.*

As Tenet Health persuasively argues, the named plaintiffs (Kolb and Tang) appear to themselves fit in the Morales class definition. *See* Dkt. No. 30 at 6. While the amended complaint does not attach the letter that the named plaintiffs received, Tang and Kolb are both California residents who were notified on or about September 30, 2022 of the data breach. See Dkt. No. 29 at 3, 8, 10. Plaintiffs' being members of the Morales case – as they appear likely to be – would also weigh in favor of transferring the case. See *Gonzalez v. Unitedhealth Grp., Inc.*, No. 6:19-cv-700-ADA, 2020 WL 2992174, at *3 (W.D. Tex. June 3, 2020) ("Being a potential member of putative class action in another court has been seen as a factor in invoking the first-to-file rule to preserve judicial economy.").

Plaintiffs further argue that, because the *Kolb* complaint names Tenet Healthcare, Conifer Health Solutions LLC, Conifer Revenue Cycle Solutions LLC, and Conifer Value-Based Care LLC as defendants, and the *Morales* complaint only names Conifer Revenue Cycle Solutions LLC, that the cases do not substantially overlap.

But parties do not need to be identical for there to be substantial overlap. *See Save Power*, 121 F.3d at 950. And, where Tenet Healthcare is the parent company for all three Conifer defendants, the defendants have "sufficient similarities" to justify application of the first-to-file doctrine. *See* Dkt. No. 29 at 4; *Gonzalez*, 2020 WL 2992174, at *3 ("As previously stated, all the defendants among the three suits are affiliates or subsidiaries of UnitedHealth Group. The Court determines that there are sufficient similarities between the parties that the invocation of the first-to-file rule is appropriate.").

The Court agrees with Tenet Healthcare that the causes of action in the cases substantially overlap. Both complaints allege violations of the Federal Trade Commission Act, violations of the California Confidentiality of Medical Information Act, violations of the California Business Code, violations of California's Unfair Competition Law, and allege negligence and negligence per se. *See* Dkt. No. 30 at 8.

While *Kolb* includes causes of action for invasion of privacy and unjust enrichment, and *Morales* includes claims for breach of implied contract, breach of confidence, and violations of the California Security Notification Laws, claims do not have to be identical for there to be substantial overlap between the cases. *See* Dkt.

No. 30 at App. 42; Dkt. No. 39; *see generally Am. Can! Cars for Kids v. Kars 4 Kids, Inc.*, No. 3:15-cv-3648-B, 2016 WL 3688631 (N.D. Tex. July 11, 2016) (finding substantial overlap when the suits contained different causes of action).

While the Court agrees with Tenet Health that plaintiffs never clearly asserted a cause of action under Texas common law in their complaint, even if they had, it would not be fatal to finding substantial overlap. *See* Dkt. No. 44 at 7; *Am. Can!* 2016 WL 3688631, at *3 (finding substantial overlap when "aside from the causes of action based upon state law – which, of course, differ – America Can's claims are nearly identical in both suits."); *Brocq v. Lane*, No. 3:16-cv-2832-D, 2017 WL 1281129 (N.D. Tex. Apr. 6, 2017) ("Even when the second case presents claims absent in the first, the cases may still substantially overlap. In fact, corresponding threshold issues may be sufficient to raise the possibility of substantial overlap.") (internal citations omitted).

Additional factors also weigh in favor of finding substantial overlap. The "core issue" in both cases is whether defendants sufficiently protected plaintiffs' data, requiring similar factual findings. *See* Dkt. No. 30 at 8; *Int'l Fid.*, 665 F.3d at 678. As discussed above, the extent of overlap is high. And the overlapping causes of action raise a significant risk of conflicting rulings between the courts. *See Int'l Fid.*, 665 F.3d at 678. The Court also agrees with Tenet Health that there are no compelling circumstances that support denying the motion to transfer. *See* Dkt. No. 44 at 8.

Plaintiffs attempt to oppose the motion to transfer based on the 28 U.S.C. § 1404(a) factors, but "[p]laintiffs' efforts to invoke Section 1404(a) … are misplaced

under a first-to-file rule analysis." *Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. 3:13-cv-3798-L, 2013 WL 6388563, at *7 (N.D. Tex. Dec. 5, 2013). The Section 1404(a) factors require a separate analysis from the first-to-file rule that should be addressed by the first-filed court. *See Ethos Grp. Consulting Servs., LLC v. Kawecki*, No. 3:20-cv-1488-L, 2020 WL 7828789, at *5 (N.D. Tex. Dec. 31, 2020). When defendants are moving to transfer under the first-to-file rule, the Court's only inquiry is "which suit was filed first, and whether substantial overlap between the suits exists." *Strukmyer*, 2013 WL 6388563, at *7. Including the Section 1404(a) factors in an analysis of the first-to-file rule would "trench upon the authority of its sister court" and go against the principles of "comity and sound judicial administration" that underlie the first-to-file rule. *Barnes v. Sandbox Transportation, LLC*, No. MO:18-cv-00050-DC, 2018 WL 11471781, at *4 (W.D. Tex. June 16, 2018); *Ethos*, 2020 WL 7828789, at *5 (quoting *Save Power*, 121 F.3d at 950). As other courts in this circuit have determined, the first-filed court should determine "whether the second suit filed must be dismissed, stayed or transferred and consolidated," *Sutter*, 125 F.3d at 920 – which includes analyzing venue under Section 1404(a). *See Yeti Coolers, LLC v. Beavertail Prod.*, LLC, No. 1-15-cv-415 RP, 2015 WL 4759297, at *4 (W.D. Tex. Aug. 12, 2015).

Consistent with the first-to-file doctrine, the motion to dismiss should remain pending in the first-filed court.

Several courts in this circuit have held that "a court may decide a motion to transfer to another district before ruling on other motions." *Hardwick v. Factor*, No. CIV.A. H-10-5249, 2011 WL 1831706, at *2 (S.D. Tex. May 9, 2011); *accord JTH Tax,*

*LLC v. Cortorreal*, No. 4:23-cv-173-P, 2023 WL 4673278, at *2 (N.D. Tex. July 20, 2023). The court has discretion to decide a motion to transfer before other motions, and district courts in the Fifth Circuit have consistently explained that "deciding the motion to transfer first … 'is particularly appropriate where a related suit is already pending in the transferee district.'" *Landry's, LLC v. Landry Distilling, Inc.*, No. 4:23-cv-01314, 2023 WL 3997162, at *2 (S.D. Tex. May 22, 2023) (quoting *Hardwick*, 2011 WL 1831706, at *2 (citation omitted)).

Because there is a related suit pending in the first-filed court, and the Court had determined the case should be transferred to the Central District of California, this Court will uphold the principle of comity by deferring ruling on the motion to dismiss.

## Conclusion

The Court GRANTS Defendants' Motion to Transfer Pursuant to the First-to-File Rule [Dkt. No. 30] and ORDERS that these consolidated cases be transferred to the United States District Court for the Central District of California on December 13. 2023, to allow any party to file an objection to Judge Brown within 14 days after being served with a copy of this order. See FED. R. CIV. P. 72(a).

If an objection is filed, this order of transfer is stayed pending further order of the Court.

SO ORDERED.

DATED: November 27, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE